USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: DEC 2 0 2012

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X
CUSTOMERS BANK, F/K/A NEW CENTURY BANK :
                Plaintiff, :
                                      :
                   -v-                                :         11 Civ. 07992 (AJN)
                                        :
                                        :         OPINION
ANMI, INC., D/B/A/ NATURALLY TASTY AND :
HYON CHON WASHINGTON, :
                Defendants. :
------------------------------------------------------------------ X

ALISON J. NATHAN, District Judge:

## I. PROCEDURAL HISTORY

The Complaint in this matter was filed on November 8, 2011. Defendant Hyon Chon Washington was served on February 8, 2012, and subsequently sent an Answer in this case directly to Judge Marrero's chambers, which was received on February 22, 2012. (D.E. 4, 7, 9). On February 29, 2012, the matter was reassigned to the undersigned, and on March 1, 2012, this Court scheduled a status conference and notified Defendants that, by law, corporations are not permitted to proceed *pro se*. (D.E. 8, 9).

The status conference occurred as scheduled on April 26, 2012. (D.E. 11) At that time, no appearance on behalf of Defendants had been noticed and neither Defendants nor counsel for Defendants appeared at the conference. (D.E. 11). That day, the Court issued an order granting Plaintiffs' request to file a motion for summary judgment or judgment on the pleadings in light of the Answer filed in this matter, and directed counsel for Plaintiff to serve Defendants with a copy of the Court's order. (D.E. 11). The Court further reiterated that corporations must, by law, be represented by counsel and that if Washington intended to appear in this matter, she should promptly notice an appearance. (D.E. 11).

On June 15, 2012, Plaintiff filed a motion for summary judgment, with a certificate of

service filed the next day attesting that service was made on June 8, 2012. (D.E. 13). On June 14, 2012, this Court's Pro Se Office received a letter from Washington representing that she had not been aware of the April 26, 2012, status conference, had not been aware that corporations could not proceed pro se, and that she was in the process of obtaining counsel. (D.E. 21). Washington further asserted that she needed a month to obtain counsel and requested that the Court stay the proceedings for that period, and represented that "[i]n the meantime, [she would] file an appearance through the courts' pro se office." (D.E. 21)

The Court granted Washington's request and stayed this case until July 20, 2012. (D.E. 21). The Court further instructed Washington to "<u>immediately</u> notice an appearance with the pro se office." (D.E. 21) To ensure that Washington received this order, the Court both directed Plaintiff's counsel to serve a copy of the order and sent a copy of the order to the return address that Washington provided on her correspondence to the Court. (D.E. 21). This order was also served on Defendants on July 2, 2012. (D.E. 22).

The stay of this matter has now expired and, despite the over five months that have elapsed since the Court entered the stay and Washington represented that she would appear in this action pro se, no appearance has been entered on Defendants' behalf and the Court has not received any further correspondence from Defendants. The Court further notes that Defendants were provided yet another opportunity to participate in this action after the Court issued its August 17, 2012, order requesting additional briefing, which provided an opportunity for Defendants to respond to that additional briefing. No response has been received.

The Court will, therefore, now consider Plaintiff's motion for summary judgment unopposed. However, under Second Circuit law, "[e]ven when a motion for summary judgment is unopposed, the district court is not relieved of its duty to decide whether the movant is entitled

2

to judgment as a matter of law." *Vt. Teddy Bear Co. v. 1-800 BEARGRAM Co.*, 373 F.3d 241, 242 (2d Cir. 2004); *see also St. Clair Jones v. Lamont*, 379 Fed. Appx. 58, 59 (2d Cir. May 27, 2010) (unpublished). The Court therefore assesses Plaintiff's motion on the merits and finds, as described below, that it has satisfied its burden to show it is entitled to judgment as a matter of law. The Court therefore GRANTS Plaintiff's motion.

## II. ANALYSIS

Summary judgment is proper only if there is no genuine dispute of material fact and the movant is entitled to judgment as a matter of law. *Ramos v. Baldor Specialty Foods, Inc.*, 687 F.3d 554, 588 (2d Cir. 2012). In reviewing the evidence on a motion for summary judgment, courts are to construe the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor. *Id.* A fact is material if it might affect the outcome of the suit under the governing law and an issue is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Id.*

Plaintiff requests that summary judgment be granted in its favor for a monetary judgment. (D.E. 13). Plaintiffs contend that Defendants are liable to them for default on a promissory note whereby Defendant Anmi Inc. ("Anmi") agreed to pay the sum of $230,000, plus interest, to the Plaintiff.[1] "To succeed on a motion for summary judgment, a plaintiff suing on a promissory note needs to merely establish the absence of a genuine issue as to the execution and default unless the obligor demonstrates the existence of a triable issue of fact." *Fragin v. Mezei*, 2012 U.S. Dist. LEXIS 18456, at *9 (S.D.N.Y. Feb. 13, 2012) (quotation marks omitted) (collecting cases). Under New York law, a prima facie case of default is demonstrated by proof of the valid note and of the defendants' failure, despite proper demand, to make payment. *Id.* at *10;

---

[1] The affidavit of Kathleen Hansen reflects that at least some payments were made on this note. (D.E. 14).

*CAMOFI Master LDC v. College P'ship*, 452 F. Supp. 2d 462, 470 (S.D.N.Y. 2006) (explaining that a *prima facie* case requires merely proof a note and failure to make payment, and that once such a *prima facie* case is shown, the burden is on the defendant to establish a defense). "A plaintiff can meet its burden of providing proof of the valid notes by presenting them on its motion for summary judgment." *Id.* at *10-11.

Plaintiff has presented in support of its motion for summary judgment a promissory note, executed by Hyon Chong Washington as President of Anmi, in the amount of $230,000. (Hansen Aff. Ex. A). According to the uncontested affidavit of Kathleen Hansen, Vice President of Plaintiff in charge of the collection of the account, Plaintiff extended funds relative to the note and Anmi has failed to make all of the payments required, despite Plaintiff's demand. (Hansen Aff. ¶ 1, 7, 9-10, 15). Plaintiff has thus demonstrated a *prima facie* case of default, and Defendants have not submitted evidence or argument to meet their burden to respond to this case. Summary judgment is, therefore, GRANTED as to Defendant Anmi's liability to Plaintiff on the promissory note.

Plaintiff also contends that Washington is jointly and severally liable as guarantor of the underlying promissory note. In support, Plaintiff has submitted an "Unconditional Guarantee" naming Washington as the guarantor on Anmi's obligation on the promissory note, signed by Washington. (Hansen Aff. Ex. C).

> Guaranties are governed by the rules of contracts. "A valid guaranty must be a written instrument guaranteeing payment of another's debt, describing with precision the obligation to which the person is bound. Consideration for the guaranty must be expressly or impliedly stated in the instrument, and the instrument must be delivered to, and accepted by, the guarantor. Further, liability under a guaranty depends on the terms of the underlying promissory note."

*MM Ariz. Holdings LLC v. Bonanno*, 658 F. Supp. 2d 589, 592 (S.D.N.Y. 2009) (quoting *Export-Import Bank of the United States v. Agricola del Mar BCS, S.A. de C.V.*, 536 F. Supp. 2d

345 (S.D.N.Y. 2008)). Here, liability on the promissory note has been established, consideration is explicit in the guarantee as "the Loan or any accommodation by Lender as to the Loan," and the guarantee is signed by Washington. (Hansen Aff. Ex. C). Summary judgment is therefore GRANTED as to Defendant Washington's liability.

Plaintiffs also seek an Order of Possession based on foreclosure of its security interest in Anmi's "Collateral" under that agreement, and the provision of the security agreement allowing them to "take immediate possession of the Collateral." (Hansen Aff. Ex. A, Security Agreement §§ 1.3, 2, 8(a)(i)). Plaintiff has submitted with its summary judgment motion UCC Financing Statements relating to the Collateral and evidence of the submission of those statements to the New York Department of State and New York City Department of Finance. (Hansen Aff. Ex. B).; *see also United States ex rel. Solera Constr. v. J.A. Jones Constr. Group*, 2010 U.S. Dist. LEXIS 34065, at *8-9 (E.D.N.Y. 2010); N.Y. U.C.C. §§ 9-301(a), *et seq.* Because Anmi has defaulted, and no defense to foreclosure has been presented, Plaintiff's request for an order of possession in GRANTED. *See Lehman Bros. Holdings Inc. v. Munir Walji*, 2011 U.S. Dist. LEXIS 50425, at *11 (S.D.N.Y. May 11, 2011); *Merrill Lynch Commer. Fin. Corp. v. Am. Std. Testing & Consulting Labs., Inc.*, 2010 U.S. Dist. LEXIS 2278, at *21-25 (E.D.N.Y. Jan. 12, 2010); *Southland Corp. v. Froelich*, 41 F. Supp. 2d 227, 248-249 (E.D.N.Y. 1999).

## **CONCLUSION**

Summary Judgment is GRANTED in favor of Plaintiffs. Because, beyond the affidavit of Ms. Hansen, Plaintiffs have not presented evidence supporting their damages, costs, and attorneys fees, this matter is referred to Magistrate Judge Freeman for an inquest on damages.

SO ORDERED.

Dated: December 20, 2012
New York, New York

_____
ALISON J. NATHAN
United States District Judge

COPIES MAILED
TO ( PRO SE PARTY ) ON 12/20/12